### CINCINNATI (CITY) v. ADOLPH KLEIN.

CONSTRUCTION NOTICE OF DEFECT IN STREET CANNOT BE ESTABLISHED BY SPECULA-TION.

In an action for injury resulting from an alleged defect in a street, it is error to overrule a motion by the city for an instructed verdict in its behalf, where actual notice of the condition of the street is not claimed, and there is no evidence of constructive notice except as based on specula-tion.

[Syllabus by the court.]

ERROR to Hamilton common pleas.

**W. A. Geoghegan,** for plaintiff.

**Moses Ruskin,** for defendant

**SMITH, J.**

We think there was error at the trial of the above case in that. the court overruled the motion of plaintiff in error to arrest the case from the jury, and to instruct a verdict in its behalf.

There was no evidence of constructive notice to the city of the existence of the defect in the street, actual notice not being claimed. The rule is, "that if the defect is shown to have existed such a length of time that the city authorities, by the exercise of ordinary care, would have known of its existence and could have repaired it, then the city is charged with constructive notice of such defect." *Cincinnati* v. *Frazer,* 9 Circ. Dec. 487 (18 R. 50) ; *Leipsic (Vil.)* v. *Gerdeman.* 68. Ohio St. 1 [67 N. E. Rep. 87]. No such evidence was offered. The· jury could not speculate as to the length of time the defect in ques-tion existed from statements of witnesses as to the appearance of the defective place after the accident, and thus establish constructive no-tice to the city.

Judgment reversed.

**Swing** and **Giffen, JJ.,** concur.